

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-2009

# USA v. Janis Moore

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2297

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Janis Moore" (2009). *2009 Decisions.* Paper 1898.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1898

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2297
_____

UNITED STATES OF AMERICA

v.

JANIS P. MOORE,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cr-00322-002)
District Judge: Honorable Legrome D. Davis

_____

Submitted Under Third Circuit LAR 34.1(a)
February 6, 2009

Before:  McKEE, JORDAN, and LOURIE*, *Circuit Judges.*

(Filed February 09, 2009)
_____

OPINION OF THE COURT
_____

_____
        *Honorable Alan D. Lourie, Circuit Judge of the United States Court of Appeals
for the Federal Circuit sitting by designation.

LOURIE, *Circuit Judge*.

Janis Moore appeals from the decision of the U.S. District Court for the Eastern District of Pennsylvania sentencing her to nine months imprisonment for violation of the terms of her supervised release. We conclude that the District Court did not abuse its discretion in its sentencing decision, and we will therefore affirm.

I.     Discussion

In April of 2005, Moore was sentenced to thirty months imprisonment after pleading guilty to multiple counts of mail fraud. As part of her sentence, Moore was required to pay $130,000 in restitution, at a rate of $150 per month. Upon her release from prison in January 2007, Moore was placed under supervised release for a period of three years. As a condition of her supervised release, the District Court forbade Moore from opening any new credit accounts or using certain disbursements of income (such as from tax refunds) without the permission of her probation officer. Moore violated the terms of her supervised release when she acquired various credit cards and made purchases using those cards as well as the proceeds of her 2006 tax refund without obtaining the permission of her parole officer.

On April 16, 2008, the District Court held a revocation hearing and imposed a sentence of nine months for the supervised release violation. The nine-month sentence was the maximum sentence envisioned by the Sentencing Guidelines, and was five-months longer than the sentence recommended by the government. On appeal, Moore

2

claims that her sentence is unreasonable, and asks us to vacate the sentence and remand the matter for a new sentencing hearing.

Moore makes two arguments supporting her request for us to vacate her sentence. First, she alleges that the District Court failed to adequately consider the sentencing factors in 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3582(e)(3). Second, she alleges that the nine-month sentence was, in reality, an effort on the part of the District Court to punish her further for her underlying conviction, rather than for her breach of trust.

We review the reasonableness of a district court's sentence for abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 594 (2007). Moore, as the party challenging the sentence bears the burden of proving unreasonableness. *See United States v. Lessner*, 498 F.3d 185, 204-05 (3d Cir. 2007) (citation omitted).

We first address Moore's contention that the District Court erred in failing to consider the relevant sentencing factors. Moore acknowledges the fact that the District Court considered the Sentencing Guidelines (one of the statutory factors), but claims that the Court "barely took into account" the remaining six factors. Appellant's Br. at 16. We disagree with Moore that the Court failed to consider the sentencing factors. In sentencing decisions, courts are not required to make findings as to each factor if the record makes clear that the court took the factors into consideration. *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007) (citation omitted). In this case, the record of

3

the sentencing proceedings makes clear that the District Court did in fact take the factors into consideration. For example, in issuing the sentence, the Court emphasized the first sentencing factor, the nature and circumstances of the offense, as a basis for its sentencing decision. *See e.g.* App. 52A (stating that the nine-month incarceration would prevent her from "ignoring and disregarding what the Probation officer has told you that you can't do"). Similarly, the Court, in recognizing that its sentence was greater than that recommended by the government, stated that granting a "lesser sentence would diminish the seriousness of [the] offenses." That statement demonstrates that the Court considered the need for the imposed sentence, which is the second of the sentencing factors. *See* 18 U.S.C. § 3553 (2006). Furthermore, it is apparent that the Court took into account the types of sentences available, but found incarceration to be the appropriate one. Thus, Moore has not shown that the Court failed to properly consider the sentencing factors.

Lastly, we address Moore's contention that the District Court improperly resentenced her for her underlying conviction, not for the violation of supervised release. In support of her position that the court's sentence was based on her underlying conviction, Moore points to the fact that the nine-month sentence was the maximum sentence recommended by the Guidelines and more than double the four-month sentence recommended by the government. We find that evidence unconvincing. The District Court is not bound by the sentence recommended by the government. Furthermore, it can scarcely be argued that a court abuses its discretion simply by adopting the high end of

4

the Sentencing Guidelines. The Court here reviewed the relevant factors and concluded that the high end of the Guidelines was appropriate in light of Moore's violation of her supervised release. We therefore conclude that the court did not improperly sentence Moore based on her original conviction.

II.  Conclusion

For the foregoing reasons, we will affirm the District Court's nine-month sentence.